ORIGINAL

FILED
MAY 17 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RICHARD D. JOHNSON and DARLINE M. JOHNSON | § | |
| Plaintiffs, | § | CIVIL NO. 06-398 T |
| v. | § | |
| UNITED STATES OF AMERICA | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs Richard D. Johnson and Darline M. Johnson ("Plaintiffs" or the "Johnsons") are citizens of the United States of America whose address is 819 S. Federal Highway, Stuart, FL 34994.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, and 6230 of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiff.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

---

[1] References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1995)

5. The Johnsons filed a timely joint federal income tax return for calendar year 1995 and paid the taxes reported due on that return. Their taxpayer identification numbers as reflected on that tax return are XXX-XX-0883 and XXX-XX-4975.

6. Richard D. Johnson was a limited partner in Coachella-85 Partners ("C85"), a California limited partnership.

7. C85 dissolved and terminated.

8. On October 17, 2003, the Johnsons filed with the IRS a claim in the amount of $20,125.00 for refund of tax due to the loss they realized on the termination of C85.

9. On May 17, 2004, the IRS disallowed that claim.

10. The Johnsons asserted the following grounds for recovery in their refund claim, which are restated as follows:

A. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

B. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1985 losses.

C. As a direct consequence of the adjustments to the partnership items of the partnership there was a substantial basis in the Plaintiffs' partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of the Plaintiffs' partnership interest, which is the basis of the claim for refund.

D. The IRS has agreed to allow a capital loss in the year the partnership terminated equal to the adjustment to the each partner's basis resulting from the source year adjustments to the

partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since Plaintiffs did not sell their partnership interest, their claim is based on the same increase in basis recognized as a capital loss upon worthlessness or final termination of the partnership interest.

E. The claims for 1996 and 1997 are the carryover of the portion of the long term capital loss that could not be used in prior years.

F. Basis adjustment and loss recognized based on explanation: $367,958.00.

G. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

I. Plaintiffs assert that the entire loss should be allowable in 1995 as an ordinary loss based on Rev. Rul. 93-80, but has restricted their claim to capital loss treatment in acquiescence to the position they understand the IRS has taken that capital losses will be allowed in the termination years. In the alternative, Plaintiffs assert that if the claim is denied for any reason, they assert in the alternative that the 1995 amount should be $152,997.00.

11. Over six (6) months have elapsed since the Johnsons filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

12. The Johnsons are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT TWO
(Calendar Year 1996)

13. The Johnsons filed a timely joint federal income tax return for calendar year 1996 and paid the taxes reported due on that return. Their taxpayer identification numbers as reflected on that tax return are XXX-XX-0883 and XXX-XX-4975.

14. Richard D. Johnson was a limited partner in Coachella-85 Partners ("C85"), a California limited partnership.

15. C85 dissolved and terminated.

16. On October 17, 2003, the Johnsons filed with the IRS a claim in the amount of $41,432.00 for refund of tax due to the loss they realized on the termination of C85.

17. On May 17, 2004, the IRS disallowed that claim.

18. The Johnsons asserted the following grounds for recovery in their refund claim, which are restated as follows:

A. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

B. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1985 losses.

C. As a direct consequence of the adjustments to the partnership items of the partnership there was a substantial basis in the Plaintiffs' partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of the Plaintiffs' partnership interest, which is the basis of the claim for refund.

D. The IRS has agreed to allow a capital loss in the year the partnership terminated equal to the adjustment to the each partner's basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since Plaintiffs did not sell their partnership interest, their claim is based on the same increase in basis recognized as a capital loss upon worthlessness or final termination of the partnership interest.

E. The claims for 1996 and 1997 are the carryover of the portion of the long term capital loss that could not be used in prior years.

F. Basis adjustment and loss recognized based on explanation: $367,958.00.

G. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

I. Plaintiffs assert that the entire loss should be allowable in 1995 as an ordinary loss based on Rev. Rul. 93-80, but has restricted their claim to capital loss treatment in acquiescence to the position they understand the IRS has taken that capital losses will be allowed in the termination years. In the alternative, Plaintiffs assert that if the claim is denied for any reason they assert in the alternative that the 1995 amount should be $152,997.00.

19. Over six (6) months have elapsed since the Johnsons filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United

States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

20. The Johnsons are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT THREE
(Calendar Year 1997)

21. The Johnsons filed a timely joint federal income tax return for calendar year 1997 and paid the taxes reported due on that return. Their taxpayer identification numbers as reflected on that tax return are XXX-XX-0883 and XXX-XX-4975.

22. Richard D. Johnson was a limited partner in Coachella-85 Partners ("C85"), a California limited partnership.

23. C85 dissolved and terminated.

24. On October 17, 2003, the Johnsons filed with the IRS a claim in the amount of $51,971.00 for refund of tax due to the loss they realized on the termination of C85.

25. On May 17, 2004, the IRS disallowed that claim.

26. The Johnsons asserted the following grounds for recovery in their refund claim, which are restated as follows:

A. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

B. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1985 losses.

C. As a direct consequence of the adjustments to the partnership items of the partnership there was a substantial basis in the Plaintiffs' partnership interest and a resulting loss upon the

 R:\DOCS\TAXCONT.T\tmwc5166.jo1.wpd

worthlessness, dissolution, or termination of the Plaintiffs' partnership interest, which is the basis of the claim for refund.

D. The IRS has agreed to allow a capital loss in the year the partnership terminated equal to the adjustment to the each partner's basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since Plaintiffs did not sell their partnership interest, their claim is based on the same increase in basis recognized as a capital loss upon worthlessness or final termination of the partnership interest.

E. The claims for 1996 and 1997 are the carryover of the portion of the long term capital loss that could not be used in prior years.

F. Basis adjustment and loss recognized based on explanation: $367,958.00.

G. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

I. Plaintiffs assert that the entire loss should be allowable in 1995 as an ordinary loss based on Rev. Rul. 93-80, but has restricted their claim to capital loss treatment in acquiescence to the position they understand the IRS has taken that capital losses will be allowed in the termination years. In the alternative, Plaintiffs assert that if the claim is denied for any reason they assert in the alternative that the 1995 amount should be $152,997.00.

27. Over six (6) months have elapsed since the Johnsons filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

28. The Johnsons are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT FOUR
(Calendar Year 1999)

29. The Johnsons filed a timely joint federal income tax return for calendar year 1999 and paid the taxes reported due on that return. Their taxpayer identification numbers as reflected on that tax return are XXX-XX-0883 and XXX-XX-4975.

30. Richard D. Johnson was a limited partner in Western Ag Venture Associates ("WAVA"), a California limited partnership.

31. On October 7, 2003, the Johnsons filed with the IRS a claim in the amount of $63,160.00 for refund of tax due to the loss they realized on the termination of WAVA.

32. The Johnsons asserted the following grounds for recovery in their refund claim, which are restated as follows:

A. WAVA was an AMCOR partnership which was the subject of §6226 and §6228 litigation.

B. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1986 losses.

C. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis in the partnership interest and a resulting loss upon the

worthlessness, dissolution, or termination of the partners' partnership interest, which loss is the basis of this claim for refund.

D. The IRS has agreed to allow a capital loss equal to the adjustment to the taxpayers' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any **sale** of their partnership interests. Therefore, since the Plaintiffs did not sell- their partnership interest, this claim is based on the same increase in basis recognized as an ordinary loss upon Plaintiffs' proactive abandonment of the partnership interest.

E. Basis adjustment and loss recognized based on above Exhibits and explanation:

| | |
|---|---|
| Form 4549 adjustment | $142,031.00 |
| Basis from capital account before abandonment | 17,465.00 |
| Corrected ending basis | $159,496.00 |

F. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

G. This claim is timely filed within three years of the 1999 Form 1040 filing, and is also timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

H. Plaintiffs' Schedule K-1 is evidence of this abandonment.

I. Alternatively, if the loss is not allowed as an ordinary loss, it should be allowed as a capital loss.

33. Over six (6) months have elapsed since the Johnsons filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United

States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

34. The Johnsons are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs Richard D. Johnson and Darline M. Johnson pray for judgment against the Defendant the United States of America in the amount of $176,688.00, or alternatively for $216,157.00, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)